IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA FOR THE USE OF AMS CONSTRUCTION COMPANY, INC., d/b/a AMS STAFF LEASING, <br><br> Plaintiff, <br><br> v. <br><br> CENTEX CONSTRUCTION COMPANY, INC., SEABOARD SURETY COMPANY, and AMWEST SURETY INSURANCE COMPANY, <br><br> Defendants. | § § § § § § § § § § § § § § § § |

United States District Court
Southern District of Texas
FILED

MAY 03 2000

Michael N. Milby
Clerk of Court

NO. B-00-062

## ORIGINAL COMPLAINT OF AMS CONSTRUCTION COMPANY, INC. d/b/a AMS STAFF LEASING

Plaintiff AMS Construction Co., Inc., d/b/a AMS Staff Leasing ("AMS") files its Original Complaint complaining of Centex Construction Company, Inc. ("Centex"), Seaboard Surety Company ("Seaboard"), and Amwest Surety Insurance Company ("Amwest"), as follows:

### PRELIMINARY STATEMENT

1. Stronghold Masonry, Inc. ("Stronghold") contracted with AMS to provide labor for a government project that involved the Brownsville Federal Courthouse (the "Brownsville Courthouse Project"). Stronghold was a subcontractor and Centex was the General Contractor for the Brownsville Courthouse Project. Seaboard is the surety that issued a government payment bond for Centex on the Brownsville Courthouse Project. Amwest issued a Subcontract Labor and Material Bond (hereinafter referred to as "Subcontract Bond") to Stronghold Masonry, Inc. to which AMS

is an intended third-party beneficiary and/or "Claimant." Centex, Seaboard, and Amwest owe AMS the sum of $229,210.64 for the labor AMS provided as a subcontractor for Stronghold as outlined in the Miller Act. Although AMS fulfilled its obligations under its contract with Stronghold, Stronghold has refused to pay AMS. Accordingly, AMS seeks payment in the amount of $229,210.64 from Defendants Centex and Seaboard as the surety of the government payment bond for the Brownsville Courthouse Project in accordance with the Miller Act. AMS seeks recovery from Amwest as a third-party beneficiary/claimant of the Subcontract Bond Amwest provided to Stronghold.

## PARTIES

### A. Plaintiff

2. Plaintiff AMS Construction Co., Inc. d/b/a AMS Staff Leasing is a Texas corporation with its principal place of business in Dallas County, Texas.

### B. Defendants

3. Defendant Centex Construction Company, Inc. is a Nevada corporation which may be served with process by serving its registered agent Corporation Services Company, 800 Brazos, Austin, Texas 78701.

4. Seaboard Surety Company, may be served with process by serving its registered agent, Corporation Service Company, 800 Brazos, Austin, Texas 78701.

5. Defendant Amwest Surety Insurance Company may be served with process through its registered agent, Randy Adler, 500 S. Ervay, Suite 420A, Dallas, Texas 75201.

## JURISDICTION & VENUE

6. This Court has jurisdiction over this cause pursuant to Sections 270a and 270b of Title 40 of the United States Code ("The Miller Act"). Jurisdiction over the defendants is mandatory because, among other things, Brownsville Federal Courthouse, the location of the project, is located in Cameron County, Texas.

7. Venue is mandatory in this Court, pursuant to §270b(b) of Title 40 of the United States Code Annotated which requires suit to be file in the United States District Court in the district in which the contract was to be performed and executed. The contract was to be performed and executed in Cameron County, Texas.

## FACTS

8. On information and belief, the United States of America and Centex entered into a contract ("The Contract"), whereby Centex agreed to furnish all the labor and materials and perform all work required for the energy upgrade at the Brownsville Federal Courthouse in Brownsville, Texas.

9. Pursuant to the Act of Congress approved August 24th, 1935, Centex, as principal, and Defendant Seaboard, as surety, on informatoin and belief, duly executed a standard government form of payment bond to the United States of America. The payment bond was conditioned on whether the principal promptly made payment to all persons supplying labor and materials in the prosecution of the work provided in The Contract. If the contractor Centex and its subcontractors had properly made payment to all persons supplying labor and materials, the obligation was to be voided; otherwise the bond was to remain in full force and effect.

10. The payment bond entered into by Centex and Seaboard was accepted by the United States of America, and upon such acceptance, the contract for the construction and completion of the energy upgrade to Brownsville Federal Courthouse was awarded to Centex

11. Stronghold provided Centex with a Subcontract Labor and Material Bond ("Subcontract Bond"). Amwest Surety Insurance Company is the surety on the bond.

12. During the months of October, November, and December, 1998 and January, February, March, April and May 1999, AMS, at the special insistence and request of Stronghold, provided labor for work on the project at the Brownsville Courthouse. AMS provided the labor at the request of Stronghold and for the agreed price and reasonable value of $229,210.64.

## MILLER ACT CLAIM

13. Plaintiff hereby incorporates the allegations set forth above.

14. Stronghold was a subcontractor of Centex and the labor provided by AMS was required to be performed by Centex under Centex's contract with the United States of America and was provided with the knowledge, consent and approval of Centex.

15. Stronghold has failed and refused to pay AMS the sum of $229,210.64 according to the contract and within ninety days of the due date of the agreement, AMS duly notified Centex, Stronghold and Seaboard. Centex, Stronghold, and Seaboard have failed to make the required payments. The notice to Centex, Stronghold and Seaboard was given and complied with all the rules and requirements of the Miller Act for subcontractor of a subcontractor to perfect its right of action under the bond and the Miller Act.

16. Pursuant to the Miller Act, more than ninety days have elapsed since the day on which the last of the labor was performed, but one year has not elapsed from the day on which the last of the labor was performed by AMS on the Brownsville Courthouse Project.

17. Due demand was made upon Centex for the sum of $229,210.64, and thereafter on Defendant Seaboard, but no part of the $229,210.64 has been paid to AMS. AMS has complied with all the rules and requirements precedent and necessary under the Miller Act to maintain this action under the bond.

## CAUSE OF ACTION AGAINST AMWEST

18. Plaintiff hereby incorporates the allegations set forth above.

19. Plaintiff is a "claimant" as defined by the Subcontract Bond. Plaintiff hereby asserts a claim against Amwest for the sum of $229,210.64, which sum is due an owing.

20. All conditions precedent necessary for AMS to assert a claim against the Subcontract Bond have occurred or been established. Therefore, AMS is entitled to recover against Stronghold and Amwest for the labor and employment services it provided.

## ATTORNEYS FEES

21. Plaintiff hereby incorporates the allegations set forth above.

22. Plaintiff has demanded payment from Defendants for the sum of $229,210.64 which represents amounts due and owing to AMS for the services AMS provided to Stronghold. Because Defendants have refused to pay under The Bond, it is necessary for Plaintiff to place its claim in the hands of the undersigned attorneys for collection. Plaintiff has agreed to pay said attorneys a reasonable attorney's fee under §38.001 of the Texas Civil Practice & Remedies Code. Therefore,

Plaintiff is entitled to recover its reasonable attorney's fees from Defendants at the trial court, and if necessary, on appeal.

## PRAYER

**FOR THESE REASONS,** the United States of America for the use and benefit of Plaintiff AMS Construction Company, Inc. d/b/a AMS Staff Leasing requests that Centex Construction, Inc., Seaboard Surety Insurance Company, and Amwest Surety Insurance Company be cited to appear and answer herein and then on final hearing, Plaintiff have judgment against Defendants, jointly and severally for: (1) the amount of $229,210.64; (2) pre-judgment and post judgment interest at the highest rate allowed by law; (3) attorney's fees under Sec. 38.001 of the Texas Civil Practice & Remedies Code; (4) costs of court; and (5) such other and further relief at law or in equity to which the Plaintiff may be justly entitled.

Respectfully submitted,

**REID & ASSOCIATES, P.C.**
Providence Tower, Suite 255W
5001 Spring Valley Road
Dallas, Texas 75244
Telephone:     (972) 991-2626
Facsimile:      (972) 991-2678

By: *Carla S Neal*
William E. Reid
State Bar No. 16748500
Carla S. Neal
State Bar No. 00784664

**ATTORNEY FOR PLAINTIFF
AMS CONSTRUCTION COMPANY, INC.
d/b/a AMS STAFF LEASING**