6

IN THE UNITED STATED DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 2 6 2000

Michael N. Milby
Clerk of Court

| | |
|---|---|
| THE UNITED STATES OF AMERICA FOR THE USE OF AMS CONSTRUCTION COMPANY, INC., d/b/a AMS STAFF LEASING, | § § § § § |
| Plaintiff, | § § |
| v. | §   NO. B-00-062 |
| CENTEX CONSTRUCTION COMPANY, INC. SEABOARD SURETY COMPANY, and AMWEST SURETY INSURANCE COMPANY | § § § § § § |
| Defendants. | § § |

## ORIGINAL ANSWER OF AMWEST SURETY INSURANCE COMPANY SUBJECT TO RULE 12(b)(1), RULE 12(b)(3) and 12(b)(6) MOTIONS

TO THE COURT:

COMES NOW, AMWEST SURETY INSURANCE COMPANY ("AMWEST"), a defendant herein, and would answer Plaintiff AMS Construction Company, Inc., d/b/a AMS Staff Leasing's ("AMS") Original Complaint and in support thereof would show the following:

I.

AMWEST denies that Stronghold Masonry, Inc., ("Stronghold") contracted with AMS Construction Company to provide labor. Stronghold and AMS entered into an Employee Leasing arrangement whereby AMS and Stronghold became co-employers of the employees that Stronghold utilized to perform the services at the Brownsville Courthouse project.

II.

AMWEST admits that it issued a subcontract labor and material bond to Stronghold, but denies that AMS is an intended third party beneficiary or claimant under the bond. AMWEST

expressly denies that it owes AMS any money whatsoever under the bond issued and it further denies that in the event any money is owed, that the sum of $229,210.64 is an incorrect amount.

### III.

AMWEST denies that AMS is a proper claimant under the *Miller Act* and therefore denies that AMS has fulfilled obligations under the *Miller Act* which would entitle AMS to recover under the bond issued under AMWEST.

### IV.

AMWEST admits the allegations contained in the portion of the Original Complaint entitled "PARTIES."

### V.

AMWEST denies the allegations in the Plaintiff's Original Complaint pertaining to jurisdiction and venue found in Paragraphs 6 and 7.

### VI.

AMWEST admits the facts found in Paragraph 8 of the Plaintiff's Original Complaint.

### VII.

AMWEST is without sufficient knowledge to admit or deny the facts alleged in Paragraphs 9 and 10 of the Plaintiff's Original Complaint.

### VIII.

AMWEST admits the allegations found in Paragraph 11 of the Plaintiff's Original Complaint.

### IX.

AMWEST denies the allegations found in Paragraph 12 of the Plaintiff's Original Complaint.

**X.**

AMWEST denies the allegations contained in Paragraph 14 of the Plaintiff's Original Complaint.

**XI.**

AMWEST denies the allegations found in Paragraph 15 of the Plaintiff's Original Complaint and specifically denies that AMS qualifies as a subcontractor as that term is defined for purposes of pursuing this bond claim against AMWEST.

**XII.**

AMWEST denies the allegations in Paragraph 16 of the Plaintiff's Original Complaint to the extent that AMS alleges that *Miller Act* applies to the claim filed by AMS and which is the subject of this cause of action against AMWEST.

**XIII.**

AMWEST denies the allegations contained in Paragraph 17 of the Plaintiff's Original Complaint. More specifically, AMWEST denies the allegations that the claim by AMS is controlled by the provisions of the *Miller Act*.

**XIV.**

AMWEST denies the allegations found in Paragraph 19 of the Plaintiff's Original Complaint.

**XV.**

AMWEST denies the allegations contained in Paragraph 20 of the Plaintiff's Original Complaint.

## XVI.

AMWEST denies that AMS is entitled to recover reasonable and necessary attorneys' fees as alleged in Paragraph 22 of the Plaintiff's Original Complaint.

## XVII.

AMWEST denies that AMS is entitled to the relief set forth in the "PRAYER" of the Plaintiff's Original Complaint.

WHEREFORE, PREMISES CONSIDERED, the Defendant, AMWEST prays that upon the trial of this matter, the Court enter an Order that the Plaintiff, AMS, take nothing by way of its claims against the Defendant, AMWEST SURETY INSURANCE COMPANY and for such other and further relief as the Defendant may show itself to be justly entitled.

Respectfully submitted,

COATS, ROSE, YALE, RYMAN & LEE, P.C.

By: _____
Todd Lonergan
SBN: 12513700
800 First City Tower
1001 Fannin
Houston, Texas 77002-6707
Telephone: (713) 651-0111
Facsimile: (713) 651-0220

ATTORNEYS DEFENDANT
AMWEST SURETY INSURANCE COMPANY

2451 62\226752.1 TLONERGAN

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all known counsel of record via facsimile, hand delivery, regular mail and/or certified mail, return receipt requested on this ___23rd___ day of June, 2000.

_____
Todd Lonergan

2451 62\226752 1 TLONERGAN

5