IN THE UNITED STATED DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA FOR THE USE OF AMS CONSTRUCTION COMPANY, INC., d/b/a AMS STAFF LEASING, § § § § § § | |
| Plaintiff, § § | |
| v. § | NO. B-00-062 |
| § | |
| CENTEX CONSTRUCTION COMPANY, INC. § SEABOARD SURETY COMPANY, and § AMWEST SURETY INSURANCE § COMPANY § § | |
| Defendants. § | |

United States District Court
Southern District of Texas
FILED

JUN 2 6 2000

Michael N. Milby
Clerk of Court

### RULE 12(b)(1), RULE 12(b)(3) and 12(b)(6) MOTIONS OF AMWEST SURETY INSURANCE COMPANY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, AMWEST SURETY INSURANCE COMPANY ("AMWEST"), one of the defendants herein, and would file the following Federal Rules of Civil Procedure Rule 12(b)(1), Rule 12(b)(3) and Rule 12(b)(6) Motions and in support thereof would show the Court the following:

I.

### Facts

The Plaintiff, AMS Construction Company, d/b/a Staff Leasing, is a staff leasing company that entered into a contract with Stronghold Masonry, Inc., ("Stronghold") one of the Defendants herein and the principal on the surety issued by AMWEST. Pursuant to the contract between Stronghold and AMS, AMS became the employer of all employees of Stronghold. The employees were then leased back to Stronghold. The real purpose of this arrangement was for AMS to assume all of the administrative functions of payroll, taxes, insurance, etc. as those functions pertained to

Stronghold's employees. The purpose of this arrangement was not the provision of labor and employees since Stronghold already had these prior to entering into the arrangement with AMS. This arrangement was not exclusive to the project at the Brownsville Courthouse, but was an ongoing arrangement for projects all across the state of Texas. Although the Defendant, AMWEST, has not been provided a copy of the contract in question, it is believed that it was entered into in Dallas County, Texas and that pursuant to the terms of the contract, it was to be performed in Dallas County, Texas. It is believed that pursuant to the terms of the contract, AMS was to become responsible for payment of wages, withholding and payment of federal and state employment taxes, the provision of workers' compensation, health insurance, and other benefits, and the general administration of the employment/human resources functions for Stronghold. It is believed that pursuant to the terms of the contract, Stronghold and AMS had shared responsibility for the right to hire, fire and discipline the assigned employees and the management of workers' compensation claims and safety policies. It is believed that AMS had obtained the requisite license to be able to enter into this type of arrangement with Stronghold, and as such, was considered a co-employer pursuant § 91.001 *et seq.* of the Texas Labor Code.

## II.

## RULE 12(b)(6)

The Plaintiff, AMS, has failed to state a cause of action against AMWEST. As a surety company, AMWEST agreed to pay subcontractors of Stronghold if Stronghold failed to perform its obligations to those subcontractors on the Brownsville Federal Courthouse project. AMS had an ongoing contract with Stronghold that was neither unique to the Brownsville Federal Courthouse project nor limited to that particular project. Furthermore, AMS was not a subcontractor as that term

is understood under the law. AMS, was in reality a co-employer under the surety bond, or a joint venturer as to this particular project. Alternatively, AMS was providing administrative services to Stronghold in the operation of its overall business and was not providing either labor or materials to be incorporated in the Brownsville Courthouse project. Under any of the foregoing scenarios, AMS Staff has no right, contractual or otherwise, to pursue a claim against the bond issued by AMWEST since AMS does not meet the definition of a subcontractor as that term is understood for purposes of asserting a claim against a construction bond.. ***United States vs. Grubb***, **358 F.2d 508 (9th Cir., 1966)**. For the foregoing reasons, Plaintiff has failed to state a claim against AMWEST which may be pursued in the above-styled cause of action.

### III.

### RULE 12(b)(1)

AMWEST would further show the Court that for the same reasons set forth in Paragraph II above, the Court does not have jurisdiction over the dispute between AMS and AMWEST. Typically jurisdiction in Federal Court is based upon either diversity or federal question jurisdiction. A claim that is not based on either diversity or federal question jurisdiction may be joined under a pendant jurisdiction theory if the claims are somehow associated. Since there is no viable cause of action which may be asserted by AMS against the bond issued by AMWEST, there cannot be any pendent jurisdiction under the *Miller Act* claims AMS has asserted against the other defendants that would allow this Court to proceed forward in hearing the claims against AMWEST.

## IV.

### **RULE 12(b)(3)**

It is alleged that venue is proper in this Court because the claim against AMWEST by AMS is based upon the provision of subcontract labor to Stronghold with respect to the Brownsville Federal Courthouse project. Since, as discussed in the proceeding paragraphs, AMS does not qualify as a subcontractor to Stronghold for purposes of pursuing a bond claim, and because any contract between Stronghold and AMS is believed to have been entered into and performable in Dallas County, Texas which falls within the Northern District of Texas, venue would not be proper in this Court.

WHEREFORE, PREMISES CONSIDERED, the Defendant, AMWEST SURETY INSURANCE COMPANY prays upon the hearing of these Motions that the Court enter an Order dismissing all causes of action against it pursuant to either Federal Rule of Civil Procedure Rule 12(b)(1), 12(b)(3), or 12(b)(6) and that the Court further grant to AMWEST SURETY INSURANCE COMPANY, such other and further relief as it may show itself to be justly entitled.

Respectfully submitted,

COATS, ROSE, YALE, RYMAN & LEE, P.C.

By: _____
Todd Lonergan
SBN: 12513700
800 First City Tower
1001 Fannin
Houston, Texas 77002-6707
Telephone: (713) 651-0111
Facsimile: (713) 651-0220
ATTORNEYS DEFENDANT
AMWEST SURETY INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all known counsel of record via facsimile, hand delivery, regular mail and/or certified mail, return receipt requested on this __23rd__ day of June, 2000.

_____
Todd Lonergan