9

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 2 6 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA FOR | § | |
| THE USE OF AMS CONSTRUCTION | § | |
| COMPANY, INC. d/b/a AMS STAFF | § | |
| LEASING | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. B-00-062 |
| | § | |
| CENTEX CONSTRUCTION COMPANY, | § | |
| INC., SEABOARD SURETY COMPANY, | § | |
| and AMWEST SURETY INSURANCE | § | |
| COMPANY | § | |
| | § | |
| Defendants. | § | |

## ANSWER AND CROSS-CLAIM OF CENTEX CONSTRUCTION COMPANY, INC.

CENTEX CONSTRUCTION COMPANY, INC. ("Centex") files this its Original Answer and Cross Action to the Original Complaint of Use Plaintiff AMS CONSTRUCTION COMPANY, INC., d/b/a AMS STAFF LEASING ("Plaintiff") and would respectfully shown unto the Court as follows:

### RESPONSE TO PLAINTIFF'S COMPLAINT

1.      Centex admits that Stronghold Masonry, Inc. ("Stronghold") was a subcontractor to Centex on the Brownsville Courthouse project to which Centex was general contractor. Further, Centex admits that Seaboard is the surety that issued a government payment bond for Centex on the Brownsville Courthouse project and that Amwest issued a subcontract labor and material bond to Stronghold in which Centex is named Obligee.  Centex is without sufficient knowledge or information to form a belief as to the truth of the remaining matters set forth in Paragraph 1 and therefore denies same.

ANSWER AND CROSS-CLAIM OF CENTEX CONSTRUCTION COMPANY, INC.                    PAGE 1

2.      Centex is without sufficient knowledge or information to form a belief as to the truth of the averment in Paragraph 2 of the Complaint.

3.      Centex admits the allegations contained in Paragraph 3 of the Complaint.

4.      Centex admits the allegations contained in Paragraph 4 of the Complaint.

5.      Centex admits the allegations contained in Paragraph 5 of the Complaint.

6.      Centex admits the allegations contained in Paragraph 6 of the Complaint.

7.      Centex is without sufficient information to admit or deny that Plaintiff had a contract with Stronghold and that said contract was to be formed and executed in Cameron County, Texas. All other averments contained within Paragraph 7 of the Complaint are admitted.

8.      Centex admits that it entered into a contract with the United States of America for the construction of the Brownsville Federal Courthouse in Brownsville, Texas.  Centex denies Plaintiff's characterization of the project as an "energy upgrade."

9.      Centex admits that it procured a payment and performance bond from Co-Defendant Seaboard, as surety in connection with the project made the subject of this dispute. Centex further admits that said bond was furnished in accordance with the terms and conditions of the Miller Act.

10.     Centex admits that the payment bond requested by Centex and furnished by Seaboard was accepted by the United States of America, otherwise Centex denies the characterization of the project as an "energy upgrade."

11.     Centex admits the allegations contained in Paragraph 11 of the Complaint.

12.     Centex is without sufficient knowledge or information to form a belief as to the truth of the averment contained in Paragraph 12 of the Complaint and therefore same is denied.

**ANSWER AND CROSS-CLAIM OF CENTEX CONSTRUCTION COMPANY, INC.**                    PAGE 2

13.    Centex reaffirms that statements in all preceding paragraphs as if set forth verbatim.

14.    Centex admits that Stronghold was a subcontractor of Centex on the project made the subject of this dispute.  Centex is without sufficient information to admit or deny the allegation that AMS provided labor to Stronghold in connection with the project and specifically denies that AMS provided said labor with the knowledge, consent and approval of Centex.

15.    Centex is without sufficient knowledge to admit or deny the allegation that Stronghold failed to pay AMS for work performed in connection with the project.  Centex admits that AMS provided notice of its claim and further admits that it has not made any payments to AMS.  Centex is without sufficient information to admit or deny that Plaintiff furnished labor for the construction of the project and at what time period this labor was actually performed, if at all, and therefore denies the allegation that Plaintiff complied with the terms and conditions of the Miller Act to validly perfect the claim.

16.    Centex is without sufficient information to admit or deny the allegation contained in Paragraph 16 of the Complaint and therefore same is denied.

17.    Centex admits that demand for payment was made by Plaintiff.  Centex is without sufficient information to admit or deny the remainder of the allegations contained within Paragraph 17 of the Complaint and therefore same is denied.

18.    Centex reaffirms its statements in all preceding paragraphs as set forth herein verbatim.

19.    Centex without sufficient information to admit or deny the allegations contained in Paragraph 19 of the Complaint.

20.    Centex without sufficient information to admit or deny the allegation contained in Paragraph 20 of the Complaint.

**ANSWER AND CROSS-CLAIM OF CENTEX CONSTRUCTION COMPANY, INC.**                    PAGE 3

21.    Centex reaffirms its statements in all preceding paragraphs as set forth herein verbatim.

22.    Centex admits that demand for payment has been made by the Plaintiff.  Centex denies that it is liable for attorneys fees as alleged in Paragraph 22 of the Complaint.

### ORIGINAL CROSS-CLAIM

By way of Cross-Claim against Amwest Insurance Company, Defendant in the above entitled action, Centex alleges:

23.    The Cross-Defendant AMWEST INSURANCE COMPANY ("Amwest) is a corporate surety authorized and licensed to do business in the State of Texas and may be served with a copy of this Cross-Claim in accordance with Rule 5 of the *Federal Rules of Civil Procedure*.

24.    Amwest issued a subcontract labor and material bond with Centex as Obligee and Stronghold Masonry, Inc. as principal.  Attached hereto as Exhibit "A" is a true and correct copy of the bond.   The terms and conditions of the payment bond specifically requires Amwest to indemnify and hold Centex harmless from any and all claims from subcontractors and/or suppliers of Stronghold for the supplying of labor and materials to the project made the subject of this dispute.  Accordingly, should Plaintiff prevail in its action against Centex, Centex is entitled to indemnity and contribution from Amwest for all damages awarded to the Plaintiff in this action as well as any and all costs of defense including reasonable and necessary attorneys fees as per the terms and conditions of the labor and material payment bond executed by Amwest in favor of Centex.

25.    All conditions precedent and necessary for Centex to assert a claim against the subcontract bond issued by Amwest has occurred, been established or has been waived.

26. Therefore, Centex is entitled to recover against Amwest any and all damages awarded against Centex in favor of the Plaintiff together with Centex' reasonable and necessary attorneys fees expended in this cause on its behalf and in accordance with the terms and conditions of the bond and Section 38.0001 et seq. of the Texas Civil Practices and Remedies Code.

WHEREFORE, Centex Construction Company, Inc. prays that the relief requested by Plaintiff be denied in all respects, that Centex receive judgment against Cross-Defendant Amwest Insurance Company for any sum which may be recovered in this suit by the Plaintiff against Centex together with Centex' costs and reasonable attorneys fees and such other and further relief to which Centex may show itself to be justly entitled.

Respectfully submitted,

David G. Surratt, State Bar No. 19519200
CANTERBURY, STUBER, ELDER,
 GOOCH & SURRATT
One Lincoln Centre
5400 LBJ Freeway, Suite 1300
Dallas, Texas  75240-6254
Telephone: (972) 239-7493
Telefax:   (972) 490-7739

ATTORNEY FOR DEFENDANT

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the above and foregoing instrument has this ___ day of June, 2000, been duly served upon the persons listed below by placing a copy of same in the United States mail, certified, return receipt requested, with sufficient postage affixed thereon to effect delivery of same and addressed as follows:

William E. Reid
REID & ASSOCIATES, P.C.
Providence Tower, Suite 255 W
5001 Spring Valley Road
Dallas, Texas  75244

David G. Surratt

J:\WP\HOLLI\CENTEX\AMS\answer

<u>ANSWER AND CROSS-CLAIM OF CENTEX CONSTRUCTION COMPANY, INC.</u>          PAGE 6

BOND NO. 1318679

# CENTEX CONSTRUCTION COMPANY, INC.

(ORIGINAL IN 3 COUNTERPARTS)



## EXHIBIT C

## PAYMENT BOND

### KNOW ALL MEN BY THESE PRESENTS:

That I/we <u>Strong Hold Masonry, Inc.</u> of 702 West Expressway 83 (Bldg. C), Pharr, TX 78577 d/b/a an individual/partnership/corporation organized under the laws of the State of __Texas__, hereinafter called the Subcontractor, and <u>Amwest Surety Insurance Company</u> of <u>P. O. Box 4500, Woodland Hills, CA</u> a corporation organized under the laws of the State of __Nebraska__, hereinafter called the Surety, are held and firmly bound unto Centex Construction Company, Inc. of Dallas, Texas, hereinafter called the Contractor, in the sum of <u>$2,750,000.00 (Two Million Seven Hundred Fifty Thousand Dollars)</u> for the payment whereof the Subcontractor and the Surety bind themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

WHEREAS, the Subcontractor has, by means of a written agreement dated <u>November 22, 1996,</u> entered into a Subcontract, No. <u>708-BRNSVL-042000-S</u> hereinafter called the Subcontract, with Contractor for work at the project known as New U.S. Courthouse located at Brownsville, TX, which said Subcontract is incorporated herein by reference and made a part hereof for all purposes.

NOW THEREFORE, the condition of this obligation is such that if the Subcontractor shall make payment to all claimants for all costs and expenses resulting from the performance of this Subcontract and for all labor, materials, equipment, supplies, services and the like, used or reasonably required for use in the performance of this Subcontract, for all or any part of which the Contractor or Owner is liable, failing which such claimants shall have a direct right of action against the Subcontractor and Surety under this obligation, subject to the Contractor's priority, and/or the Contractor shall have the right to bring an action against the Subcontractor and Surety on behalf of unpaid claimants, then this obligation shall be null and void, otherwise, it shall remain in full force and effect;

AND PROVIDED, that any alterations which may be made in the terms of the Subcontract or in the work to be done under it, or the giving by the Contractor of any extension of time for the performance of the Subcontract, or any other forbearance on the part of either the Contractor or the Subcontractor to the other shall not in any way release the Subcontractor and the Surety, or either of them, their heirs, executors, administrators, successors or assigns, from their liability hereunder, notice to the Surety of any such alteration, extension or forbearance being hereby waived.

AND PROVIDED FURTHER, that any increase in the Subcontract amount shall automatically result in a corresponding increase in the penal amount of the bond without notice to or consent from the Surety, such notice and consent being hereby waived.

WITNESSED AND SEALED this __6TH__ day of __December__, A.D. 1996.

WITNESSES:

_Michelle A. Cantu_

Strong Hold Masonry, Inc.
Subcontractor

By: _Pedro A. Gutierrez_

Typed Name __PEDRO A. GUTIERREZ__

Title __PRES./ OWNER__

Amwest Surety Insurance Company
Surety

# LIMITED POWER OF ATTORNEY

## *Amwest Surety Insurance Company*

| EXPIRATION DATE **6-06-97** | (COUNTERPART 3 OF 3) | POWER NUMBER **0000672378** |
|---|---|---|

**READ CAREFULLY**

This document is printed on white paper containing the artificial watermarked logo ( ) of Amwest Surety Insurance Company (the "Company") on the front and brown security paper on the back. Only unaltered originals of the POA are valid. This POA may not be used in conjunction with any other POA  No representations or warranties regarding this POA may be made by any person. This POA is governed by the laws of the State of California and is only valid until the expiration date. The Company shall not be liable on any limited POA which is fraudulently produced, forged or otherwise distributed without the permission of the Company. Any party concerned about the validity of this POA or an accompanying Company bond should call your local Amwest branch office at **(210) 342-0007** .

KNOW ALL BY THESE PRESENT, that Amwest Surety Insurance Company, a Nebraska corporation (the "Company"), does hereby make, constitute and appoint:

**MARY MARTINEZ**
**DIANA GONZALEZ**
**ROBERT GARZA**
**IRMA SALINAS**
**ROBERT R. GARZA**
**AS EMPLOYEES OF TEXAS VALLEY INSURANCE AGENCIES**

its true and lawful Attorney-in-fact, with limited power and authority for and on behalf of the Company as surety to execute, deliver and affix the seal of the company thereto if a seal is required on bonds, undertakings, recognizances, reinsurance agreement for a Miller Act or other performance bond or other written obligations in the nature thereof as follow:
**MASONRY CONSTRUCTION - NEW U.S. COURTHOUSE BROWSVILLE TEXAS**

and to bind the company thereby. This appointment is made under and by authority of the By-Laws of the Company, which are now in full force and effect.

I, the undersigned secretary of Amwest Surety Insurance Company, a Nebraska corporation, DO HEREBY CERTIFY that this Power of Attorney remains in full force and effect and has not been revoked and furthermore, that the resolutions of the Board of Directors set forth on this Power of Attorney, and that the relevant provisions of the By-Laws of the Company, are now in full force and effect.

Bond No. **1318679** Signed & sealed this **6TH** day of **DECEMBER**, 19 **96** *Karen G. Cohen*

Karen G Cohen, Secretary

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* RESOLUTIONS OF THE BOARD OF DIRECTORS \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

This POA is signed and sealed by facsimile under and by the authority of the following resolutions adopted by the Board of Directors of Amwest Surety Insurance Company at a meeting duly held on December 15, 1975:

RESOLVED, that the President or any Vice President, in conjunction with the Secretary or any Assistant Secretary, may appoint attorneys-in-fact or agents with authority as defined or limited in the instrument evidencing the appointment in each case, for and on behalf of the Company, to execute and deliver and affix the seal of the Company to bonds, undertakings, recognizances, and suretyship obligations of all kinds; and said officers may remove any such attorney-in-fact or agent and revoke any POA previously granted to such person.

RESOLVED FURTHER, that any bond, undertaking, recognizance, or suretyship obligation shall be valid and bind upon the Company:
(i) when signed by the President or any Vice President and attested and sealed (if a seal be required) by any Secretary or Assistant Secretary, or
(ii) when signed by the President or any Vice President or Secretary or Assistant Secretary, and countersigned and sealed (if a seal be required) by a duly authorized attorney-in-fact or agent; or
(iii) when duly executed and sealed (if a seal be required) by one or more attorneys-in-fact or agents pursuant to and within the limits of the authority evidenced by the power of attorney issued by the Company to such person or persons.

RESOLVED FURTHER, that the signature of any authorized officer and the seal of the Company may be affixed by facsimile to any POA or certification thereof authorizing the execution and delivery of any bond, undertaking, recognizance, or other suretyship obligations of the Company; and such signature and seal when so used shall have the same force and effect as though manually affixed

IN WITNESS WHEREOF, Amwest Surety Insurance Company has caused these presents to be signed by its proper officers, and its corporate seal to be hereunto affixed this 14th day of December, 1995

*John E Savage*
John E Savage, President

*Karen G. Cohen*
Karen G Cohen, Secretary

State of California
County of Los Angeles

On December 14, 1995 before me, Peggy B. Lofton Notary Public, personally appeared John E. Savage and Karen G Cohen, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me all that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument

WITNESS my hand and official seal.

Signature *Peggy B. Lofton*
Peggy B Lofton, Notary Public (Seal)

**PEGGY B. LOFTON**
**Commission #1068068**
**Notary Public — California**
**Los Angeles County**
**My Comm. Expires Aug 6, 1999**

## Amwest

6320 Canoga Avenue  Post Office Box 4500  Woodland Hills, CA  91365-4500  TEL 818 704-1111