/10

United States District Court
Southern District of Texas
FILED

JUN 2 6 2000

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA FOR THE USE OF AMS CONSTRUCTION COMPANY, INC. d/b/a AMS STAFF LEASING | § § § § § § | |
| Plaintiff, | § § | |
| v. | § § | NO. B-00-062 |
| CENTEX CONSTRUCTION COMPANY, INC., SEABOARD SURETY COMPANY, and AMWEST SURETY INSURANCE COMPANY | § § § § § § | |
| Defendants. | § | |

## ORIGINAL ANSWER OF SEABOARD SURETY COMPANY

SEABOARD SURETY COMPANY ("Seaboard") files this its Original Answer to the Original Complaint of Use Plaintiff AMS CONSTRUCTION COMPANY, INC., d/b/a AMS STAFF LEASING ("Plaintiff") and would respectfully shown unto the Court as follows:

### RESPONSE TO PLAINTIFF'S COMPLAINT

1.  Seaboard admits that Stronghold Masonry, Inc. ("Stronghold") was a subcontractor to Centex on the Brownsville Courthouse project to which Centex was general contractor. Further, Seaboard admits that it is the surety that issued a government payment bond for Centex on the Brownsville Courthouse project and that Amwest issued a subcontract labor and material bond to Stronghold in which Centex is named Obligee. Seaboard is without sufficient knowledge or information to form a belief as to the truth of the remaining matters set forth in Paragraph 1 and therefore denies same.

2. Seaboard is without sufficient knowledge or information to form a belief as to the truth of the averment in Paragraph 2 of the Complaint.

3. Seaboard admits the allegations contained in Paragraph 3 of the Complaint.

4. Seaboard admits the allegations contained in Paragraph 4 of the Complaint.

5. Seaboard admits the allegations contained in Paragraph 5 of the Complaint.

6. Seaboard admits the allegations contained in Paragraph 6 of the Complaint.

7. Seaboard is without sufficient information to admit or deny that Plaintiff had a contract with Stronghold and that said contract was to be formed and executed in Cameron County, Texas. All other averments contained within Paragraph 7 of the Complaint are admitted.

8. Seaboard admits that Centex entered into a contract with the United States of America for the construction of the Brownsville Federal Courthouse in Brownsville, Texas. Seaboard denies Plaintiff's characterization of the project as an "energy upgrade."

9. Seaboard admits that Centex procured a payment and performance bond from Seaboard, as surety in connection with the project made the subject of this dispute. Seaboard further admits that said bond was furnished in accordance with the terms and conditions of the Miller Act.

10. Seaboard admits that the payment bond requested by Centex and furnished by Seaboard was accepted by the United States of America, otherwise Seaboard denies the characterization of the project as an "energy upgrade."

11. Seaboard admits the allegations contained in Paragraph 11 of the Complaint.

12. Seaboard is without sufficient knowledge or information to form a belief as to the truth of the averment contained in Paragraph 12 of the Complaint and therefore same is denied.

13. Seaboard reaffirms that statements in all preceding paragraphs as if set forth verbatim.

14. Seaboard admits that Stronghold was a subcontractor of Centex on the project made the subject of this dispute. Seaboard is without sufficient information to admit or deny the allegation that AMS provided labor to Stronghold in connection with the project and specifically denies that AMS provided said labor with the knowledge, consent and approval of Centex.

15. Seaboard is without sufficient knowledge to admit or deny the allegation that Stronghold failed to pay AMS for work performed in connection with the project. Seaboard admits that AMS provided notice of its claim to Centex and further admits that it has not made any payments to AMS. Seaboard is without sufficient information to admit or deny that Plaintiff furnished labor for the construction of the project and at what time period this labor was actually performed, if at all, and therefore denies the allegation that Plaintiff complied with the terms and conditions of the Miller Act to validly perfect the claim.

16. Seaboard is without sufficient information to admit or deny the allegation contained in Paragraph 16 of the Complaint and therefore same is denied.

17. Seaboard admits that demand for payment was made by Plaintiff to Centex. Seaboard is without sufficient information to admit or deny the remainder of the allegations contained within Paragraph 17 of the Complaint and therefore same is denied.

18. Seaboard reaffirms its statements in all preceding paragraphs as set forth herein verbatim.

19. Seaboard without sufficient information to admit or deny the allegations contained in Paragraph 19 of the Complaint.

**ORIGINAL ANSWER OF SEABOARD SURETY COMPANY**          PAGE 3

ClibPDF - www.fastio.com

20. Seaboard without sufficient information to admit or deny the allegation contained in Paragraph 20 of the Complaint.

21. Seaboard reaffirms its statements in all preceding paragraphs as set forth herein verbatim.

22. Seaboard admits that demand for payment has been made by the Plaintiff to Centex. Seaboard denies that it is liable for attorneys fees as alleged in Paragraph 22 of the Complaint.

WHEREFORE, Seaboard Surety Company prays that the relief requested by Plaintiff be denied in all respects, and that Seaboard have such other and further relief to which it may show itself to be justly entitled.

Respectfully submitted,

_____
David G. Surratt, State Bar No. 19519200
CANTERBURY, STUBER, ELDER,
 GOOCH & SURRATT
One Lincoln Centre
5400 LBJ Freeway, Suite 1300
Dallas, Texas   75240-6254
Telephone: (972) 239-7493
Telefax:   (972) 490-7739

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing instrument has this ___ day of June, 2000, been duly served upon the persons listed below by placing a copy of same in the United States mail, certified, return receipt requested, with sufficient postage affixed thereon to effect delivery of same and addressed as follows:

William E. Reid
REID & ASSOCIATES, P.C.
Providence Tower, Suite 255 W
5001 Spring Valley Road
Dallas, Texas  75244

_____
David G. Surratt

J:\WP\HOLLI\CENTEX\AMS\answer-seaboard

**ORIGINAL ANSWER OF SEABOARD SURETY COMPANY**                              PAGE 5