26

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 08 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA FOR THE USE OF AMS CONSTRUCTION COMPANY, INC., d/b/a AMS STAFF LEASING | § § § § § | |
| V. | § | NO. B-00-062 |
| CENTEX CONSTRUCTION COMPANY, INC., SEABOARD SURETY COMPANY. and AMWEST SURETY INSURANCE COMPANY | § § § § § § | |

**MOTION FOR LEAVE TO JOIN STRONG HOLD MASONRY, INC.
AS THIRD PARTY DEFENDANT**

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, Amwest Surety Insurance Company, Defendant, and would file the following Motion for Leave to Join Strong Hold Masonry, Inc. as a Third Party Defendant in the above-entitled cause of action:

1.  The above-entitled cause of action is a Miller Act claim by AMS Construction Company against Centex Construction Company, Inc., and Seaboard Surety Company. In addition, AMS Construction Company, Inc., has filed a performance bond claim against Amwest Surety Insurance Company whose principal on the bond is Strong Hold Masonry, Inc. The disputes arise out of the construction work performed at the federal courthouse in Brownsville, Texas.

2.  AMS Construction Company, Inc., d/b/a AMS Staff Leasing, is a staff leasing company that provided employees to Strong Hold Masonry, Inc. It is believed that the arrangement called for Strong Hold Masonry, Inc., to discharge and then lease back all of their existing employees from AMS Construction Company, Inc., d/b/a AMS Staff Leasing. AMS Construction Company, Inc. then provided all of the insurance and administrative

2451.62\233711 1 TLONERGAN

functions to the persons used by Strong Hold Masonry, Inc. on the Brownsville federal courthouse project. The basis of AMS Construction Company, Inc.'s claim against Amwest Surety Insurance Company is that AMS Construction Company, Inc. provided labor to Amwest Surety Insurance Company's principal, Strong Hold Masonry, Inc., and is therefore entitled to recover on the bond issued by Amwest Surety Insurance Company.

    3.    Amwest Surety Insurance Company denies that AMS Construction Company, Inc. qualifies to make a claim under the bond for the following reasons:

    1.    The relationship between AMS Construction Company, Inc., d/b/a AMS Staff Leasing and Strong Hold Masonry, Inc., made them co-employers of the employees at the Brownsville federal courthouse project and as such, AMS Construction Company, Inc. was a co-principal on the bond and is not qualified to make a claim against the bond; or

    2.    The relationship between AMS Construction Company, Inc., d/b/a AMS Staff Leasing and Strong Hold Masonry, Inc., was an ongoing relationship whereby AMS Staff Leasing provided administrative services to Strong Hold Masonry, Inc., not only on the Brownsville federal courthouse project, but other jobs as well and therefore would not qualify as a person or entity supplying labor specifically for the performance of the work at the Brownsville federal courthouse project for purposes of making a claim against the bond in question.

    4.    In order to avoid the possibility of inconsistent findings or judgments and because the claim against Strong Hold Masonry, Inc., arises out of the same transaction and occurrences already made the subject matter of this lawsuit, Amwest Surety Insurance Company, requests leave of this Court to join Strong Hold Masonry, Inc. as a Third Party Defendant in this matter. In the unlikely event that AMS Construction Company, Inc. is successful in its claim against Amwest Surety Insurance Company under the bond, Amwest Surety Insurance Company is entitled to indemnity from its principal, Strong Hold Masonry, Inc. The indemnity claim by Amwest Surety Insurance Company would entail primarily the same evidence as the claim by AMS Construction Company against Amwest

Surety Insurance Company. In the more likely event that the claim on the bond is denied, AMS Construction Company, Inc., can make a direct claim against Strong Hold Masonry, Inc. for the amounts due and owing to AMS Construction Company, Inc. which would once again require much of the same proof and evidence as the existing claims.

5. A copy of the proposed Third Party Petition against Strong Hold Masonry, Inc. is attached as Exhibit "A" to this motion.

WHEREFORE, PREMISES CONSIDERED, Amwest Surety Insurance Company prays that upon a hearing of this matter, the Court grant leave pursuant to Fed. R. Civ. P. 20(a) to join Strong Hold Masonry, Inc. as a Third Party Defendant in the above-entitled cause of action.

Respectfully submitted,

_____
Nancy Hesse Hamren
TBA #09549430
Fed. I.D. #3694
Attorney in Charge
Todd M. Lonergan
TBA #12513700
Fed. I.D. #7710
800 First City Tower
1001 Fannin Street
Houston, Texas 77002-6707
Telephone:   (713) 651-0111
Facsimile:   (713) 651-0220

ATTORNEYS FOR DEFENDANT
AMWEST SURETY INSURANCE COMPANY

OF COUNSEL:
COATS, ROSE, YALE, RYMAN & LEE, P.C.

## CERTIFICATE OF CONFERENCE

On the 24th day of August, 2000, during the course of the Rule 26 conference, David Surratt, attorney for Defendant, Seaboard Surety Company and Centex Construction Company, indicated that he had no opposition to the foregoing Motion for Leave to Join Strong Hold Masonry, Inc. as a Third Party Defendant. Subsequently, on the 5th day of September, 2000, Marianne Matthews, attorney for the Plaintiff, AMS Construction Company, Inc., d/b/a AMS Staff Leasing, indicated that Plaintiff is opposed to the motion to join Strong Hold Masonry, Inc. as a Third Party Defendant.

_____
TODD M. LONERGAN

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing on the following parties by certified mail, return receipt requested on this ___ day of September, 2000:

Mr. William E. Reid
Reid & Associates, P.C.
Providence Tower, Suite 255W
5001 Spring Valley Road
Dallas, Texas 75244

Horacio L. Barrera
Law Office of Horacio L. Barrera
1201 East Van Buren
Brownsville, Texas 78520

David G. Surratt
Canterbury, Stuber, Edler, Gooch & Surratt
One Lincoln Centre
5400 LBJ Freeway, Suite 1300
Dallas, Texas 75240-6254

_____
TODD M. LONERGAN

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA FOR THE USE OF AMS CONSTRUCTION COMPANY, INC., d/b/a AMS STAFF LEASING | § § § § § | |
| V. | § § | NO. B-00-062 |
| CENTEX CONSTRUCTION COMPANY, INC., SEABOARD SURETY COMPANY. and AMWEST SURETY INSURANCE COMPANY | § § § § | |

## THIRD PARTY PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, Amwest Surety Insurance Company, Inc., Defendant and Third Party Plaintiff, and would file the following Third Party Petition, complaining of Strong Hold Masonry, Inc.:

1.  Amwest Surety Insurance Company, Inc., Defendant and Third Party Plaintiff, has appeared and answered herein.

Strong Hold Masonry, Inc. is a Texas corporation, and may be served with process in this matter by delivering a copy of the Third Party Petition to Mr. Pedro A. Gutierrez at his principal place of business, 712 West Expressway 83, Building C, Pharr, Hidalgo County, Texas.

2.  The Third Party Plaintiff, Amwest Surety Insurance Company, issued a bond to the Third Party Defendant, Strong Hold Masonry, Inc., to assure payment by Strong Hold Masonry, Inc., to contractors and suppliers on the federal courthouse at Brownsville, Texas. A copy of the bond is attached as Exhibit "A" to this petition. AMS Construction Company, Inc., d/b/a AMS Staff Leasing has filed a claim against the bond and has

brought suit against Amwest Surety Insurance Company claiming that it is entitled to recover on the bond for money owed to them by Strong Hold Masonry, Inc., as a result of having provided labor to Strong Hold Masonry, Inc. on the Brownsville federal courthouse project.

3.   Although Amwest Surety Insurance Company, Third Party Plaintiff, expressly denies that AMS Construction Company, Inc. is entitled to recover under the bond, in the unlikely event that the Court determines that AMS Construction Company, Inc., is entitled to recover from Amwest Surety Insurance Company, the terms of the bond issued to Strong Hold Masonry, Inc., provides that Amwest Surety Insurance Company is entitled to indemnity from its principal on the bond, Strong Hold Masonry, Inc.

WHEREFORE, PREMISES CONSIDERED, the Third Party Plaintiff, Amwest Surety Insurance Company, prays that the Third Party Defendant, Strong Hold Masonry, Inc., be required to appear and answer herein, and that upon the trial of this matter, Amwest Surety Insurance Company have full and complete indemnity against the Third Party Defendant, Strong Hold Masonry, Inc., in the unlikely event that a judgment is rendered in favor of the Plaintiff, AMS Construction Company, Inc., d/b/a AMS Staff Leasing, against the Third Party Plaintiff, Amwest Surety Insurance Company, and that Amwest Surety Insurance Company recover such other and further relief as it may show itself to be entitled, including but not limited to, prejudgment and postjudgment interest, costs of court, and attorneys' fees, where applicable.

Respectfully submitted,

_____
Nancy Hesse Hamren
TBA #09549430
Fed. I.D. #3694
Attorney in Charge

Todd M. Lonergan
TBA #12513700
Fed. I.D. #7710
800 First City Tower
1001 Fannin Street
Houston, Texas 77002-6707
Telephone: (713) 651-0111
Facsimile: (713) 651-0220

ATTORNEYS FOR DEFENDANT
AMWEST SURETY INSURANCE COMPANY

OF COUNSEL:
COATS, ROSE, YALE, RYMAN & LEE, P.C.

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing on the following parties by certified mail, return receipt requested on this 7th ___ day of September, 2000:

Mr. William E. Reid
Reid & Associates, P.C.
Providence Tower, Suite 255W
5001 Spring Valley Road
Dallas, Texas 75244

Horacio L. Barrera
Law Office of Horacio L. Barrera
1201 East Van Buren
Brownsville, Texas 78520

David G. Surratt
Canterbury, Stuber, Edler, Gooch & Surratt
One Lincoln Centre
5400 LBJ Freeway, Suite 1300
Dallas, Texas 75240-6254

_____
TODD M. LONERGAN

 COMPANY, INC.

 EXHIBIT D

# PERFORMANCE BOND

KNOW ALL MEN BY THESE PRESENTS:

That I/we **Strong Hold Masonry, Inc.** of 702 West Expressway 83 (Bldg. C), Pharr, TX 78577 d/b/a an individual/partnership/corporation organized under the laws of the State of **Texas**, hereinafter called the Subcontractor, and **Amwest Surety Insurance Company** of **P. O. Box 4500, Woodland Hills, CA** a corporation organized under the laws of the State of **Nebraska**, hereinafter called the Surety, are held and firmly bound unto Centex Construction Company, Inc. of Dallas, Texas, hereinafter called the Contractor, in the sum of **$2,750,000.00 (Two Million Seven Hundred Fifty Thousand Dollars)** for the payment whereof the Subcontractor and the Surety bind themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

WHEREAS, the Subcontractor has, by means of a written agreement dated **November 22, 1996**, entered into a Subcontract, No. **708-BRNSVL-042000-S** hereinafter called the Subcontract, with the Contractor for work at the project known as New U.S. Courthouse located at **Brownsville, TX**, which said Subcontract is incorporated herein by reference and made a part hereof for all purposes.

NOW THEREFORE, the condition of this obligation is such that if the Subcontractor shall faithfully perform and fulfill the Subcontract on its part and shall fully indemnify and save harmless the Contractor from all costs, damages, expenses and attorney's fees which it may suffer by reason of failure so to do and shall fully reimburse and repay the Contractor all outlay and expense which the Contractor may incur in making good any such default, then this obligation shall be null and void; otherwise, it shall remain in full force and effect;

AND PROVIDED, that any alterations which may be made in the terms of the Subcontract or in the work to be done under it, or the giving by the Contractor of any extension of time for the performance of the Subcontract, or any other forbearance on the part of either the Contractor or the Subcontractor to the other shall not in any way release the Subcontractor and the Surety, or either of them, their heirs, executors, administrators, successors or assigns, from their liability hereunder, notice to the Surety of any such alteration, extension or forbearance being hereby waived.

AND PROVIDED FURTHER, that any increase in the Subcontract amount shall automatically result in a corresponding increase in the penal amount of the bond without notice to or consent from the Surety, such notice and consent being hereby waived.

WITNESSED AND SEALED this **6TH** day of **December** A.D. 1996.

WITNESSES:

**Strong Hold Masonry, Inc.**
Subcontractor

By:_____

Typed Name_____

Title_____

_____

**Amwest Surety Insurance Company**
Surety

By:_____

Typed Name **Robert R. Garza**

Title **Attorney-In-Fact**

_____

COUNTERSIGNED: (If applicable)

_____
Signature/State Resident Agent

_____
Type or Print Name






**COMPANY, INC.**

ORIGINAL IN 3 COUNTERPARTS

EXHIBIT C

# PAYMENT BOND

**KNOW ALL MEN BY THESE PRESENTS:**

That I/we <u>Strong Hold Masonry, Inc.</u> of 702 West Expressway 83 (Bldg. C), Pharr, TX 78577 d/b/a an individual/partnership/corporation organized under the laws of the State of **Texas**, hereinafter called the Subcontractor, and <u>Amwest Surety Insurance Company</u> of <u>P. O. Box 4500, Woodland Hills, CA</u> , a corporation organized under the laws of the State of <u>Nebraska</u>, hereinafter called the Surety, are held and firmly bound unto Centex Construction Company, Inc. of Dallas, Texas, hereinafter called the Contractor, in the sum of <u>$2,750,000.00 (Two Million Seven Hundred Fifty Thousand Dollars)</u> for the payment whereof the Subcontractor and the Surety bind themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

WHEREAS, the Subcontractor has, by means of a written agreement dated <u>November 22, 1996</u>, entered into a Subcontract, No. 708-BRNSVL-042000-S hereinafter called the Subcontract, with Contractor for work at the project known as New U.S. Courthouse located at Brownsville, TX, which said Subcontract is incorporated herein by reference and made a part hereof for all purposes.

NOW THEREFORE, the condition of this obligation is such that if the Subcontractor shall make payment to all claimants for all costs and expenses resulting from the performance of this Subcontract and for all labor, materials, equipment, supplies, services and the like, used or reasonably required for use in the performance of this Subcontract, for all or any part of which the Contractor or Owner is liable, failing which such claimants shall have a direct right of action against the Subcontractor and Surety under this obligation, subject to the Contractor's priority, and/or the Contractor shall have the right to bring an action against the Subcontractor and Surety on behalf of unpaid claimants, then this obligation shall be null and void, otherwise, it shall remain in full force and effect;

AND PROVIDED, that any alterations which may be made in the terms of the Subcontract or in the work to be done under it, or the giving by the Contractor of any extension of time for the performance of the Subcontract, or any other forbearance on the part of either the Contractor or the Subcontractor to the other shall not in any way release the Subcontractor and the Surety, or either of them, their heirs, executors, administrators, successors or assigns, from their liability hereunder, notice to the Surety of any such alteration, extension or forbearance being hereby waived.

AND PROVIDED FURTHER, that any increase in the Subcontract amount shall automatically result in a corresponding increase in the penal amount of the bond without notice to or consent from the Surety, such notice and consent being hereby waived.

WITNESSED AND SEALED this <u>6TH</u> day of <u>December</u>, A.D. 1996.

**WITNESSES:**

**Strong Hold Masonry, Inc.**
Subcontractor

By: _____

Typed Name _____

Title _____

_____

**Amwest Surety Insurance Company**
Surety

By: _____

Typed Name <u>Robert R. Garza</u>

Title <u>Attorney-In-Fact</u>

**COUNTERSIGNED:** (If applicable)

_____

Signature/State Resident Agent

_____

Type or Print Name

# POWER OF ATTORNEY
## Amwest Surety Insurance Company

| A OF DATE 5-16-97 | (CO E 3) | POWER NUMBER 0000672376 |

This document is printed on white paper containing the artificial watermark logo (AW) of Amwest Surety Insurance Company (the "Company") on the front and brown security paper on the back. Only unaltered originals of the POA are valid. This POA may not be used in conjunction with any other POA. No representations or warranties regarding this POA may be made by any person. This POA is governed by the laws of the State of California and is only valid until the expiration date. The Company shall not be liable on any limited POA which is fraudulently produced, forged or otherwise distributed without the permission of the Company. Any party concerned about the validity of this POA or an accompanying Company bond should call your local Amwest branch office at (210) 342-0007.

KNOW ALL BY THESE PRESENT, that Amwest Surety Insurance Company, a Nebraska corporation (the "Company"), does hereby make, constitute and appoint:
MARY MARTINEZ
DIANA GONZALEZ
ROBERT GARZA
IRMA SALINAS
ROBERT R. GARZA
AS EMPLOYEES OF TEXAS VALLEY INSURANCE AGENCIES

its true and lawful Attorney-in-fact, with limited power and authority for and on behalf of the Company as surety to execute, deliver and affix the seal of the company thereto if a seal is required on bonds, undertakings, recognizances, reinsurance agreement for a Miller Act or other performance bond or other written obligations in the nature thereof as follow:
MASONRY CONSTRUCTION - NEW U.S. COURTHOUSE BROWNSVILLE TEXAS

and to bind the company thereby. This appointment is made under and by authority of the By-Laws of the Company, which are now in full force and effect.

I, the undersigned secretary of Amwest Surety Insurance Company, a Nebraska corporation, DO HEREBY CERTIFY that this Power of Attorney remains in full force and effect and has not been revoked and furthermore, that the resolutions of the Board of Directors set forth on this Power of Attorney, and that the relevant provisions of the By-Laws of the Company, are now in full force and effect.

Bond No. 1318679      Signed & sealed this 6TH day of DECEMBER, 1996

Karen G. Cohen, Secretary

* * * * * * * * * * * * RESOLUTIONS OF THE BOARD OF DIRECTORS * * * * * * * * * * * *

This POA is signed and sealed by facsimile under and by the authority of the following resolutions adopted by the Board of Directors of Amwest Surety Insurance Company at a meeting duly held on December 15, 1975:
RESOLVED, that the President or any Vice President, in conjunction with the Secretary or any Assistant Secretary, may appoint attorneys-in-fact or agents with authority as defined or limited in the instrument evidencing the appointment in each case, for and on behalf of the Company, to execute and deliver and affix the seal of the Company to bonds, undertakings, recognizances, and suretyship obligations of all kinds; and said officers may remove any such attorney-in-fact or agent and revoke any POA previously granted to such person.
RESOLVED FURTHER, that any bond, undertaking, recognizance, or suretyship obligation shall be valid and bind upon the Company:
(i) when signed by the President or any Vice President and attested and sealed (if a seal be required) by any Secretary or Assistant Secretary; or
(ii) when signed by the President or any Vice President or Secretary or Assistant Secretary, and countersigned and sealed (if a seal be required) by a duly authorized attorney-in-fact or agent; or
(iii) when duly executed and sealed (if a seal be required) by one or more attorneys-in-fact or agents pursuant to and within the limits of the authority evidenced by the power of attorney issued by the Company to such person or persons.
RESOLVED FURTHER, that the signature of any authorized officer and the seal of the Company may be affixed by facsimile to any POA or certification thereof authorizing the execution and delivery of any bond, undertaking, recognizance, or other suretyship obligations of the Company; and such signature and seal when so used shall have the same force and effect as though manually affixed.

IN WITNESS WHEREOF, Amwest Surety Insurance Company has caused these presents to be signed by its proper officers, and its corporate seal to be hereunto affixed this 14th day of December, 1995.

John E. Savage, President

Karen G. Cohen, Secretary

State of California
County of Los Angeles

On December 14, 1995 before me, Peggy B. Lofton Notary Public, personally appeared John E. Savage and Karen G. Cohen, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me all that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
WITNESS my hand and official seal.

Signature Peggy B. Lofton   (Seal)
Peggy B. Lofton, Notary Public

*(Seal: AMWEST SURETY INSURANCE COMPANY INCORPORATED DEC. 14, 1995 NEBRASKA)*

*(Seal: PEGGY B. LOFTON, Commission #1018048, Notary Public — California, Los Angeles County, My Comm. Expires Aug 6, 1999)*

**Amwest**
6320 Canoga Avenue, Post Office Box 4500, Woodland Hills, CA 91365-4500  (818) 704-1111

# POWER OF ATTORNEY

## Amwest Surety Insurance Company

**POA NUMBER 0000672377**

This document is printed on white paper containing the artificial watermark logo of Amwest Surety Insurance Company (the "Company") on the front and brown security paper on the back. Only unaltered originals of this POA are valid. This POA may not be used in conjunction with any other POA. No representations or warranties regarding this POA may be made by any person. This POA is governed by the laws of the State of California and is only valid until the expiration date. The Company shall not be liable on any limited POA which is fraudulently produced, forged or otherwise distributed without the permission of the Company. Any party concerned about the validity of this POA or an accompanying Company bond should call your local Amwest branch office at (210) 342-0007.

KNOW ALL BY THESE PRESENT, that Amwest Surety Insurance Company, a Nebraska corporation (the "Company"), does hereby make, constitute and appoint:

MARY MARTINEZ
DIANA GONZALEZ
ROBERT GARZA
IRMA SALINAS
ROBERT R. GARZA
AS EMPLOYEES OF TEXAS VALLEY INSURANCE AGENCIES

its true and lawful Attorney-in-fact, with limited power and authority for and on behalf of the Company as surety to execute, deliver and affix the seal of the company thereto if a seal is required on bonds, undertakings, recognizances, reinsurance agreement for a Miller Act or other performance bond or other written obligations in the nature thereof as follow:

MASONRY CONSTRUCTION - NEW U.S. COURTHOUSE BROWNSVILLE TEXAS

and to bind the company thereby. This appointment is made under and by authority of the By-Laws of the Company, which are now in full force and effect.

I, the undersigned secretary of Amwest Surety Insurance Company, a Nebraska corporation, DO HEREBY CERTIFY that this Power of Attorney remains in full force and effect and has not been revoked and furthermore, that the resolutions of the Board of Directors set forth on this Power of Attorney, and that the relevant provisions of the By-Laws of the Company, are now in full force and effect.

Bond No. 1318679  Signed & sealed this 6TH day of DECEMBER 1996

*Karen G. Cohen*, Secretary

* * * * * * * * * * RESOLUTIONS OF THE BOARD OF DIRECTORS * * * * * * * * * *

This POA is signed and sealed by facsimile under and by the authority of the following resolutions adopted by the Board of Directors of Amwest Surety Insurance Company at a meeting duly held on December 15, 1975:

RESOLVED, that the President or any Vice President, in conjunction with the Secretary or any Assistant Secretary, may appoint attorneys-in-fact or agents with authority as defined or limited in the instrument evidencing the appointment in each case, for and on behalf of the Company, to execute and deliver and affix the seal of the Company to bonds, undertakings, recognizances, and suretyship obligations of all kinds; and said officers may remove any such attorney-in-fact or agent and revoke any POA previously granted to such person.

RESOLVED FURTHER, that any bond, undertaking, recognizance, or suretyship obligation shall be valid and bind upon the Company:
(i) when signed by the President or any Vice President and attested and sealed (if a seal is required) by any Secretary or Assistant Secretary; or
(ii) when signed by the President or any Vice President or Secretary or Assistant Secretary, and countersigned and sealed (if a seal be required) by a duly authorized attorney-in-fact or agent; or
(iii) when duly executed and sealed (if a seal be required) by one or more attorneys-in-fact or agents pursuant to and within the limits of the authority evidenced by the power of attorney issued by the Company to such person or persons.

RESOLVED FURTHER, that the signature of any authorized officer and the seal of the Company may be affixed by facsimile to any POA or certification thereof authorizing the execution and delivery of any bond, undertaking, recognizance, or other suretyship obligations of the Company; and such signature and seal when so used shall have the same force and effect as though manually affixed.

IN WITNESS WHEREOF, Amwest Surety Insurance Company has caused these presents to be signed by its proper officers, and its corporate seal to be hereunto affixed this 14th day of December, 1995.

*John E. Savage*, President
*Karen G. Cohen*, Secretary

State of California
County of Los Angeles

On December 14, 1995 before me, Peggy B. Lofton Notary Public, personally appeared John E. Savage and Karen G. Cohen, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me all that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature *Peggy B. Lofton* (Seal)
Peggy B. Lofton, Notary Public

[Seal: AMWEST SURETY INSURANCE COMPANY INCORPORATED DEC. 14, 1995 NEBRASKA]

[Seal: PEGGY B. LOFTON Commission #1016068 Notary Public — California Los Angeles County My Comm. Expires Aug 6, 1999]

**Amwest**
6320 Canoga Avenue  Post Office Box 4500  Woodland Hills, CA 91365  Tel: 818-704-1111

# LIMITED POWER OF ATTORNEY
## Amwest Surety Insurance Company

**EXPIRATION DATE** 6-06-97 (COUNTER NUMBER) **POWER NUMBER** 0000672378

**SEAL COPY**

This document is printed on white paper containing the artificial watermarked logo (AW) of Amwest Surety Insurance Company (the "Company") on the front and brown security paper on the back. Only unaltered originals of the POA are valid. This POA may not be used in conjunction with any other POA. No representations or warranties regarding this POA may be made by any person. This POA is governed by the laws of the State of California and is only valid until the expiration date. The Company shall not be liable on any limited POA which is fraudulently produced, forged or otherwise distributed without the permission of the Company. Any party concerned about the validity of this POA or an accompanying Company bond should call your local Amwest branch office at (210) 342-0007.

KNOW ALL BY THESE PRESENT, that Amwest Surety Insurance Company, a Nebraska corporation (the "Company"), does hereby make, constitute and appoint:

**MARY MARTINEZ**
**DIANA GONZALEZ**
**ROBERT GARZA**
**IRMA SALINAS**
**ROBERT R. GARZA**
**AS EMPLOYEES OF TEXAS VALLEY INSURANCE AGENCIES**

its true and lawful Attorney-in-fact, with limited power and authority for and on behalf of the Company as surety to execute, deliver and affix the seal of the company thereto if a seal is required on bonds, undertakings, recognizances, reinsurance agreement for a Miller Act or other performance bond or other written obligations in the nature thereof as follow:

**MASONRY CONSTRUCTION - NEW U.S. COURTHOUSE BROWNSVILLE TEXAS**

and to bind the company thereby. This appointment is made under and by authority of the By-Laws of the Company, which are now in full force and effect.

I, the undersigned secretary of Amwest Surety Insurance Company, a Nebraska corporation, DO HEREBY CERTIFY that this Power of Attorney remains in full force and effect and has not been revoked and furthermore, that the resolutions of the Board of Directors set forth on this Power of Attorney, and that the relevant provisions of the By-Laws of the Company, are now in full force and effect.

Bond No. 1318679   Signed & sealed this **6TH** day of **DECEMBER** 19**96**   *Karen G. Cohen*
Karen G. Cohen, Secretary

* * * * * * * * * * * **RESOLUTIONS OF THE BOARD OF DIRECTORS** * * * * * * * * * * *

This POA is signed and sealed by facsimile under and by the authority of the following resolutions adopted by the Board of Directors of Amwest Surety Insurance Company at a meeting duly held on December 15, 1975:

RESOLVED, that the President or any Vice President, in conjunction with the Secretary or any Assistant Secretary, may appoint attorneys-in-fact or agents with authority as defined or limited in the instrument evidencing the appointment in each case, for and on behalf of the Company, to execute and deliver and affix the seal of the Company to bonds, undertakings, recognizances, and suretyship obligations of all kinds; and said officers may remove any such attorney-in-fact or agent and revoke any POA previously granted to such person.

RESOLVED FURTHER, that any bond, undertaking, recognizance, or suretyship obligation shall be valid and bind upon the Company:
(i) when signed by the President or any Vice President and attested and sealed (if a seal is required) by any Secretary or Assistant Secretary; or
(ii) when signed by the President or any Vice President or Secretary or Assistant Secretary, and countersigned and sealed (if a seal be required) by a duly authorized attorney-in-fact or agent; or
(iii) when duly executed and sealed (if a seal be required) by one or more attorneys-in-fact or agents pursuant to and within the limits of the authority evidenced by the power of attorney issued by the Company to such person or persons.

RESOLVED FURTHER, that the signature of any authorized officer and the seal of the Company may be affixed by facsimile to any POA or certification thereof authorizing the execution and delivery of any bond, undertaking, recognizance, or other suretyship obligations of the Company; and such signature and seal when so used shall have the same force and effect as though manually affixed.

IN WITNESS WHEREOF, Amwest Surety Insurance Company has caused these presents to be signed by its proper officers, and its corporate seal to be hereunto affixed this 14th day of December, 1995.

*John E. Savage*                              *Karen G. Cohen*
John E. Savage, President                     Karen G. Cohen, Secretary

**State of California**
**County of Los Angeles**

On December 14, 1995 before me, Peggy B. Lofton Notary Public, personally appeared John E. Savage and Karen G. Cohen, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me all that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature *Peggy B. Lofton*   (Seal)
Peggy B. Lofton, Notary Public

[Seal: AMWEST SURETY INSURANCE COMPANY INCORPORATED DEC. 14, 1995 NEBRASKA]

[Seal: PEGGY B. LOFTON Commission #1016048 Notary Public — California Los Angeles County My Comm. Expires Aug 6, 1999]



Amwest
6320 Canoga Avenue · Post Office Box 4500 · Woodland Hills, CA 91365-4500 · 1-818-704-1111