29

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
ENTERED

SEP 1 4 2000

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| U.S.A. for the use of AMS Construction Co., Inc. d/b/a AMS Staff Leasing. | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. B-00-062 |
| Centex Construction Co., Inc., et al, | § § § | |
| Defendant. | § § | |

**ORDER**

BE IT REMEMBERED that on September 13, 2000 the Court considered Amwest Surety Insurance Company's motion to dismiss for improper venue pursuant to 12(b)(3), for lack of subject matter jurisdiction pursuant to 12(b)(1), and for failure to state a claim pursuant to 12(b)(6) [Dkt. No. 7], and the discovery deadline proposed by the Parties in their Joint Discovery/Case Management Plan [Dkt. No. 21].

Amwest Surety Insurance Company's Rule 12(b)(3) Motion to Dismiss for Improper Venue [Dkt. No. 7] is intertwined with the merits of this lawsuit. At the Court's initial pretrial conference, the Parties agreed that it would be more expeditious to consider the motion once some initial discovery has been completed and Strong Hold Masonry has been joined as a party. The Plaintiff agreed that the Court has not decided and Amwest has not waived its objection by postponing consideration of the issue. The Court therefore **DENIES WITHOUT PREJUDICE** Amwest Surety Insurance Company's Rule 12(b)(3) Motion to Dismiss for Improper Venue [Dkt. No. 7]. Amwest is granted leave to resubmit its motion at a later date. If Amwest has not resubmitted its motion by December 11, 2000, it is **ORDERED** to provide the Court with a memorandum stating that it has waived its venue objection or stating good cause for why it needs additional time to engage in discovery.

1

Defendant Amwest Surety Insurance Company has **WITHDRAWN** its motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and its motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) [Dkt. No. 7].

The Parties requested a discovery deadline of August 22, 2001 in their Joint Discovery/Case Management Plan [Dkt. No. 21] and at the Court's initial pretrial conference. The Court believes that the Parties should reasonably be able to complete discovery at an earlier date. Hence, the discovery deadline in this case is set for June 10, 2001, and will not be extended unless the Parties can show good cause.

DONE at Brownsville, Texas, this _____13th_____ day of September 2000.

Hilda G. Tagle
United States District Judge

2