IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| The United States of America for the Use of AMS Construction Company, Inc., d/b/a AMS Staff Leasing, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. B-00-62 |
| Centex Construction Company, Inc., et al, | § § | |
| Defendants. | § | |

## ORDER

BE IT REMEMBERED, that on September 13, 2000, the Court **GRANTED** Defendant Amwest Surety Insurance Company's Motion for Leave to Join Strong Hold Masaonry, Inc. as Third Party Defendant [Dkt. No. 26].

The Defendant requests leave to join Strong Hold Masonry, Inc. under Federal Rule of Civil Procedure 20 because "[i]n the unlikely event that AMS Construction Company, Inc. is successful in its claim against Amwest Surety Insurance Company under the bond, Amwest Surety Insurance Company is entitled to indemnity from its principal, Strong Hold Masonry, Inc. The indemnity claim by Amwest Surety Insurance Company would entail primarily the same evidence as the claim by AMS Construction Company against Amwest Surety Insurance Company." The Court finds the appropriate avenue to join Strong Hold Masaonry, Inc. is through Federal Rule of Civil Procedure 14, not Federal Rule of Civil Procedure 20. Rule 14(a) permits a defendant, as a third-party plaintiff, to bring a third party demand against "a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Impleader under Rule 14(a) requires that the liability of the third- party defendant be "dependent upon the outcome of the main claim." Southeast Mortgage Co. v. Mullins, 514 F.2d 747, 749 (5th Cir.1975); Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE:

1

CIVIL 2D § 1446. Defendant Amwest Surety Insurance Company's Third Party Petition meets the requirements of Federal Rule of Civil Procedure 14, and, therefore, its motion is granted.

The Court has ruled on Defendant Amwest Surety Insurance Company's motion on an expedited schedule. If the other Parties to this lawsuit believe that the joinder of Strong Hold Masonry, Inc. is improper, Federal Rule of Civil Procedure 14(a) expressly provides that "[a]ny party may move to strike the third party claim, or for its severance or separate trial."

DONE, at Brownsville, Texas, this 13th day of September of 2000.

Hilda G. Tagle
United States District Court Judge

2