IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 0 3 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| THE UNITED STATES OF AMERICA FOR THE USE OF AMS CONSTRUCTION COMPANY, INC., d/b/a AMS STAFF LEASING, | § § § § § |
| Plaintiff, | § |
| v. | § NO. B-00-062 § |
| CENTEX CONSTRUCTION COMPANY, INC., SEABOARD SURETY COMPANY, and AMWEST SURETY INSURANCE COMPANY, | § § § § § |
| Defendants. | § |

## MOTION FOR LEAVE TO AMEND COMPLAINT

Pursuant to the provisions of 15(a) of the Federal Rules of Civil Procedure, Plaintiff AMS Construction Company, Inc. d/b/a AMS Staff Leasing ("AMS") files this Motion for Leave to Amend Complaint and shows as follows:

### I.

### GROUNDS FOR THE MOTION

Stronghold Masonry, Inc. ("Stronghold") contracted with AMS to provide labor for a government project that involved the Brownsville Federal Courthouse (the "Brownsville Courthouse Project"). Stronghold was the subcontractor and Centex was the general contractor for the Brownsville Courthouse Project. Seaboard is the surety that issued a government payment bond for Centex on the Brownsville Courthouse Project. Amwest issued a Subcontract Labor and Material Bond (hereinafter referred to as "Subcontract Bond") to Stronghold Masonry, Inc. to which AMS is

MOTION FOR LEAVE TO AMEND COMPLAINT - 1

an intended third-party beneficiary and/or "claimant." In order to get AMS to provide labor to the Project Amwest agreed that AMS was a subcontractor on the Brownsville Courthouse Project, that AMS was a proper claimant under the Subcontract Bond, and that AMS was owed money for the labor and services it provided on the Brownsville Courthouse Project as subcontractor. Centex, Seaboard and Amwest owe AMS the sum of $212,000.00 for the labor AMS provided as a subcontractor for Stronghold as outlined in the Miller Act. Although AMS provided the labor and fulfilled it's obligations under it's contract with Stronghold, Stronghold is financially unable to pay AMS. Accordingly, AMS seeks payment in the amount of $212,000.00 from Defendant Centex and Seaboard as the surety for the government payment bond for the Brownsville Courthouse Project in accordance with the Miller Act. AMS also seeks recovery from Amwest as a third-party beneficiary/claimant on the Subcontract Bond Amwest provided to Stronghold.

After AMS provided its labor to the Project, Amwest contends that AMS could not have been a subcontractor and cannot recover under the Miller Act. This position has been taken by Amwest despite numerous documents executed by Amwest prior to litigation where in order to induce AMS to provide the labor Amwest represented that AMS was a subcontractor, was entitled to payment under a subcontractor bond, and that money was due and owing to AMS for labor provided on the Brownsville Courthouse Project.

## II.

## ARGUMENTS AND AUTHORITIES

### A. The standard for a Motion to Amend Pleadings

Pursuant to the Federal Rules of Civil Procedure, a party may amend the parties pleading by leave of court and "leave shall be freely given when justice so requires." *See* Federal Rules of Civil

MOTION FOR LEAVE TO AMEND COMPLAINT - 2

Procedure 15(a). Because federal policy strongly favors determination of cases on their merits, leave to amend should be given unless the opposing party makes a showing of prejudice. *See Folman v. Davis*, 371 U.S.178,182(1962).

### B. Plaintiff Seeks To Assert Additional Causes of Action Against Defendants

In order to induce AMS to continue providing labor to the Project Amwest represented that AMS was a subcontractor on the Brownsville Courthouse Project, that AMS was due and owed money for labor provided on the Brownsville Courthouse Project and that AMS was a proper claimant under the Subcontract Bond; (which representations are attached as Exhibit A, B & C to Plaintiff's Second Amended Original Complaint of AMS Construction Company d/b/a AMS Staff Leasing a copy of which is attached hereto). Amwest now takes the position that AMS could not be a subcontractor and is not entitled to payment under the Subcontract Bond. Plaintiff relied upon Amwest's representation that AMS was a subcontractor, was a proper claimant under the Subcontract Bond and was owed money for labor provided on the Brownsville Courthouse Project. In light of the false representations previously made by Amwest and relied upon by AMS, Plaintiff seeks to amend it's Complaint to plead additional causes of action for fraud and negligent entrustment against Amwest and to plead theories of waiver and estoppel.

### C. Plaintiff Seeks to Replead Amount of Damages

Additionally, through discovery, it was ascertained that Defendants are entitled to additional offsets and Plaintiff seeks to amend it's pleading to reduce it's damage claim from $229,210.64 to $212,000.00.

MOTION FOR LEAVE TO AMEND COMPLAINT -     3

## III.

## CONCLUSION

**FOR THESE REASONS**, in accordance with the provisions of Rule 15a and 7b of the Federal Rules of Civil Procedure, Plaintiff respectfully requests that the Court grant AMS leave to file it's First Amended Complaint, a copy of which is attached hereto, and for such other relief, at law and in equity to which it is justly entitled.

**REID & ASSOCIATES**
Providence Tower, Suite 255W
5001 Spring Valley Road
Dallas, Texas 75244
Telephone:   (972) 991-2626
Facsimile:   (972) 991-2678
WILLIAM E. REID
Texas State Bar No. 16748500
F. MARIANNE MATTHEWS
Texas State Bar No. 13223100

**LAW OFFICE OF HORACIO L. BARRERA**
1201 East Van Buren
Brownsville, Texas 78520
Telephone    (956) 546-7159
Facsimile    (956) 544-0602

By: _____
HORACIO L. BARRERA, ESQ.
State Bar No. 01805800
Fed ID # 2801

ATTORNEYS FOR PLAINTIFF,
AMS CONSTRUCTION COMPANY, INC.
d/b/a AMS STAFF LEASING

MOTION FOR LEAVE TO AMEND COMPLAINT - 4

## CERTIFICATE OF CONFERENCE

      This is to certify that Nancy Hesse Hamren, Esq., COATS, ROSE, YALE, RYMAN & LEE, P.C., 800 First City Tower, 1001 Fannin Street, Houston, Texas 77002 counsel for Defendant Amwest, has been contacted regarding the contents of this Motion and opposes the same. Counsel for Centex does not oppose said Motion.

F. MARIANNE MATTHEWS

## CERTIFICATE OF SERVICE

      I certify that a true and correct copy of the foregoing instrument was forwarded to the following counsel of record on this the 2^ day of April, 2001, in accordance with the Texas Rules of Civil Procedure.

Nancy Hesse Hamren, Esq.
COATS, ROSE, YALE, RYMAN & LEE, P.C.
800 First City Tower
1001 Fannin Street
Houston, Texas 77002

David Surratt, Esq.
J. Todd Weber, Esq.
CANTERBURY, STUBER, ELDER, GOOCH & SURRATT
Occidental Tower
5005 LBJ Freeway, Suite 1000
Dallas, Texas 75244

HORACIO L. BARRERA

MOTION FOR LEAVE TO AMEND COMPLAINT - 5