40

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 2 9 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA FOR | § | |
| THE USE OF AMS CONSTRUCTION | § | |
| COMPANY, INC. d/b/a AMS STAFF | § | |
| LEASING | § | |
| | § | |
| VS. | § | NO. B-00-0062 |
| | § | |
| CENTEX CONSTRUCTION COMPANY, | § | |
| INC., SEABOARD SURETY COMPANY, | § | |
| and AMWEST SURETY INSURANCE | § | |
| COMPANY | § | |

## AMWEST SURETY INSURANCE COMPANY'S
## MOTION VACATE ORDER AND/OR FOR REHEARING

Comes now Amwest Surety Insurance Company ("Amwest"), and files this its Motion to Vacate Order and/or for Rehearing with respect to Plaintiff AMS Construction Company, Inc. d/b/a AMS Staff Leasing's ("AMS") Motion for Leave to Amend Complaint, and in support thereof would respectfully show:

1.    On May 24, 2001, the Court entered an Order, dated May 23, 2001, granting AMS's Motion for Leave to Amend Complaint. The Court stated, in its Order, that it had not received a response from Amwest and therefore pursuant to Local Rule 7.4, assumed that Amwest did not oppose the Motion.

2.    Amwest would show that did not receive a copy of Plaintiff's Motion to Amend or the proposed Amended Complaint. Amwest's undersigned counsel only received a telephone call from Plaintiff's counsel informing Amwest's counsel that a Motion for Leave to Amend would be filed at some point and asking for the undersigned's position.

2451.62\263838.1 NHAMREN

Subsequent to that phone call, Amwest did not receive anything further on the matter and quite frankly, assumed that AMS had decided against filing a motion.

The undersigned counsel for Defendant Amwest spoke with Plaintiff's counsel, William Reid on May 25, 2001, who indicated that he would fax a copy of same to the undersigned. Mr. Reid also indicated that he could not verify whether the motion had been previously sent to Amwest, as he had asked local counsel to mail the motion and local counsel did not have a green card confirming receipt.

3.    Defendant Amwest would accordingly request that the Court vacate its Order of May 23, 2001, and allow Defendant Amwest an opportunity to respond to the motion, once it obtains a copy of same as well as the proposed Amended Complaint.

Respectfully submitted,

Nancy Hesse Hamren
TBA #09549430
Attorney-in-Charge
800 First City Tower
1001 Fannin Street
Houston, Texas 77002-6707
Telephone: (713) 651-0111
Facsimile: (713) 651-0220
ATTORNEYS FOR AMWEST SURETY
INSURANCE COMPANY

OF COUNSEL:
COATS, ROSE, YALE, RYMAN & LEE, P.C.

2451.62\263838.1 NHAMREN                    2

## CERTIFICATE OF CONFERENCE

I hereby certify that on May 25, 2001, I conferred with William Reid, Attorney for AMS Construction Company, Inc. on the above-referenced matter. Mr. Reid indicated that he is opposed to this motion for the reason that he believes that he is entitled to amend but also agreed that Amwest is entitled to an opportunity to file a response setting forth its position on same.

Nancy Hesse Hamren

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing on William E. Reid, Reid & Associates, Providence Tower, Suite 255W, 5001 Spring Valley Road, Dallas, Texas 75244; Mr. David G. Surratt, Canterbury, Stuber, Elder, Gooch & Surratt, One Lincoln Centre, 5400 LBJ Freeway, Suite 1300, Dallas, Texas 75240-6254 and Horacio L. Barrera, Martinez & Barrera, L.L.P., 1201 East Van Buren, Brownsville, Texas 78520 by certified mail, return receipt requested on this _25_ day of May, 2001.

Nancy Hesse Hamren

2451.62\263838.1 NHAMREN

3