42

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 0 7 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| THE UNITED STATES OF AMERICA FOR THE USE OF AMS CONSTRUCTION COMPANY, INC., d/b/a AMS STAFF LEASING, § § § § § | |
| Plaintiff, § | |
| § | NO. B-00-062 |
| v. § | |
| § | |
| CENTEX CONSTRUCTION COMPANY, INC., SEABOARD SURETY COMPANY, and AMWEST SURETY INSURANCE COMPANY, § § § § § | |
| Defendants. § | |

THE UNITED STATES OF AMERICA FOR THE USE OF AMS
CONSTRUCTION COMPANY, INC. d/b/a AMS STAFF LEASING'S
RESPONSE TO AMWEST SURETY INSURANCE COMPANY'S
MOTION TO VACATE ORDER AND/OR FOR REHEARING

Comes now The United States of America For The Use of AMS Construction Company, Inc. d/b/a AMS Staff Leasing ("AMS") and files this its Response to Amwest Surety Insurance Company's Motion to Vacate Order and/or For Rehearing, and in support thereof would respectfully show:

I.

FACTUAL BACKGROUND

1. Stronghold Masonry, Inc. ("Stronghold") contracted with AMS to provide labor for a government project that involved the Brownsville Federal Courthouse (the "Brownsville Courthouse Project"). Stronghold was the subcontractor and Centex was the general contractor for the Brownsville Courthouse Project. Seaboard is the surety that issued a government payment bond

for Centex on the Brownsville Courthouse Project. Amwest issued a Subcontract Labor and Material Bond (hereinafter referred to as "Subcontract Bond") to Stronghold Masonry, Inc. to which AMS is an intended third-party beneficiary and/or "claimant." In order to get AMS to provide labor to the Project, Amwest agreed that AMS was a subcontractor on the Brownsville Courthouse Project, that AMS was a proper claimant under the Subcontract Bond and that AMS was owed money for the labor and services it provided on the Brownsville Courthouse Project as subcontractor. Centex, Seaboard and Amwest owe AMS the sum of $212,000.00 for the labor AMS provided as a subcontractor for Stronghold as outlined in the Miller Act. Although AMS provided the labor and fulfilled it's obligations under it's contract with Stronghold, Stronghold is financially unable to pay AMS. Accordingly, AMS seeks payment in the amount of $212,000.00 from Defendant Centex and Seaboard as the surety for the government payment bond for the Brownsville Courthouse Project in accordance with the Miller Act. AMS also seeks recovery from Amwest as a third-party beneficiary/claimant on the Subcontract Bond Amwest provided to Stronghold.

2. AMS provided its labor to the Project and agreed that AMS was a subcontractor on the Brownsville Courthouse Project. Amwest now contends that AMS could not have been a subcontractor and cannot recover under the Miller Act. This position has been taken by Amwest despite numerous documents executed by Amwest prior to litigation where in order to induce AMS to provide the labor Amwest represented that AMS was a subcontractor, was entitled to payment under a subcontractor bond, and that money was due and owing to AMS for labor provided on the Brownsville Courthouse Project.

## II.

## PROCEDURAL BACKGROUND

3. On April 3, 2001, AMS filed its Motion for Leave to Amend Complaint, attaching

a copy of the Amended Complaint to said Motion. Although the merits were discussed at length with Amwest's counsel, said motion was inadvertently not forwarded to Amwest's counsel.

4. On May 24, 2001, the Court entered an Order, dated May 23, 2001, granting AMS's Motion for Leave to Amend Complaint.

5. On or about May 29, 2001, Amwest filed its Motion to Vacate Order and/or For Rehearing providing no substantive argument or reason as to why Plaintiff's Motion for Leave should be denied.

### III.
### ARGUMENTS AND AUTHORITIES

**A.  The standard for a Motion to Amend Pleadings**

6. Pursuant to the Federal Rules of Civil Procedure, a party may amend the parties pleading by leave of court and "leave shall be freely given when justice so requires." *See* Federal Rules of Civil Procedure 15(a). Because federal policy strongly favors determination of cases on their merits, leave to amend should be given unless the opposing party makes a showing of prejudice. *See Folman v. Davis*, 371 U.S.178,182(1962).

**B.  Plaintiff Seeks To Assert Additional Causes of Action Against Defendants**

7. In order to induce AMS to continue providing labor to the Project Amwest represented that AMS was a subcontractor on the Brownsville Courthouse Project, that AMS was due and owed money for labor provided on the Brownsville Courthouse Project and that AMS was a proper claimant under the Subcontract Bond; (which representations are attached as Exhibit A, B & C to Plaintiff's Second Amended Original Complaint of AMS Construction Company d/b/a AMS Staff Leasing a copy of which is attached to Plaintiff's Motion for Leave to Amend Complaint). Amwest now takes the position that AMS could not be a subcontractor and is not entitled to payment

under the Subcontract Bond. Plaintiff relied upon Amwest's representation that AMS was a subcontractor, was a proper claimant under the Subcontract Bond and was owed money for labor provided on the Brownsville Courthouse Project. In light of the false representations previously made by Amwest and relied upon by AMS, Plaintiff seeks to amend it's Complaint to plead additional causes of action for fraud and negligent entrustment against Amwest and to plead theories of waiver and estoppel.

### C.  Plaintiff Seeks to Replead Amount of Damages

8. Additionally, through discovery, it was ascertained that Defendants are entitled to additional offsets and Plaintiff seeks to amend it's pleading to reduce it's damage claim from $229,210.64 to $212,000.00.

### IV.

### CONCLUSION

9. Pursuant to the Federal Rules of Civil procedure, a party may amend the party's pleading by leave of court and "leave shall be freely given when justice so requires." *See* Federal Rules of Civil Procedure 15(a). Despite the inadvertent mistake of not providing a copy of Plaintiff's Motion for Leave, Plaintiff's counsel discussed with the parties the merits of the Motion, the new facts and causes of action to be pled, and the amount of damages to be pled, an amount actually less than originally pled. Amwest provides no substantive argument as to why leave to amend Plaintiff's Complaint should not be provided to AMS and has not provided a legitimate ground to oppose the Motion For Leave to Amend Complaint which the Federal Rules mandate should be freely given. Accordingly, AMS requests the Court to deny Defendant Amwest's Motion to Vacate Order and/or Rehearing and to have the Court's Order remain in full force and effect allowing this case to move forward in a judicial manner.

**FOR THESE REASONS**, Plaintiff respectfully requests that the Court deny Defendant Amwest's Motion to Vacate Order and/or For Rehearing, and for such other relief, at law or in equity, to which it is justly entitled.

Respectfully submitted,

**REID & ASSOCIATES**
Providence Tower, Suite 255W
5001 Spring Valley Road
Dallas, Texas 75244
Telephone:    (972) 991-2626
Facsimile:    (972) 991-2678
WILLIAM E. REID
Texas State Bar No. 16748500
F. MARIANNE MATTHEWS
Texas State Bar No. 13223100


By: _____F. Marianne Matthews_____   Fed. ID # 2801
    WILLIAM E. REID
    State Bar No. 16748500
    F. MARIANNE MATTHEWS
    State Bar No. 13223100

**LAW OFFICE OF HORACIO L. BARRERA**
1201 East Van Buren
Brownsville, Texas 78520
Telephone    (956) 546-7159
Facsimile    (956) 544-0602

**ATTORNEYS FOR PLAINTIFF,**
**AMS CONSTRUCTION COMPANY, INC.**
**d/b/a AMS STAFF LEASING**

## CERTIFICATE OF SERVICE

      I certify that a true and correct copy of the foregoing instrument was forwarded to the following counsel of record on this the 5th day of June, 2001, in accordance with the Texas Rules of Civil Procedure.

Nancy Hesse Hamren, Esq.
COATS, ROSE, YALE, RYMAN & LEE, P.C.
800 First City Tower
1001 Fannin Street
Houston, TX 77002-6707

David Surratt, Esq.
J. Todd Weber, Esq.
CANTERBURY, STUBER, ELDER, GOOCH & SURRATT
Occidental Tower
5005 LBJ Freeway, Suite 1000
Dallas, Texas 75244-6119


_____
F. MARIANNE MATTHEWS